John P. Zanelotti, and Koonz, McKenney & Johnson, Landover, Md., for plaintiff.

E. Fremont Magee, and Piper & Marbury, Baltimore, Md., for defendant.

Linwood **STURDIVANT**

v.

**MEDICAL ENGINEERING CORPORATION.**

**Civ. No. S–87–2053.**

United States District Court, D. Maryland.

July 7, 1988.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This products-liability case, removed from a Maryland state court on diversity of citizenship, is before the Court on defendant's motion for summary judgment. The plaintiff, by newly retained counsel, opposes summary judgment and moves for an extension of discovery. No affidavit proof or exhibits were submitted with plaintiff's opposition. No oral hearing is deemed necessary. Local Rule 6, D.Md.

This case was the subject of a detailed scheduling order, typical of those used by this Court to govern the fair and expeditious disposition of its civil docket. Discovery was duly completed, after an extension of the scheduling order was approved, and the defendant timely filed its motion for summary judgment. That motion asserts, in proper form under Fed.R.Civ.P. 56, that there is no evidence from which any reasonable fact-finder could conclude that the product in question, a medical device known as a "stent," was defective. Specifically, the motion asserts that no expert identified by plaintiff in the course of discovery could find any defect in the product. Defendant argues and plaintiff does not contest settled Maryland law that proof of a defect in the product is essential to make out liability on any theory of product liability raised by the complaint. *Jensen v. American Motors*, 50 Md.App. 226, 234,

437 A.2d 242, 247 (1981). Thus, under the rules in *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), defendant is entitled to summary judgment unless plaintiff advances material *evidence* sufficient to generate a genuine dispute of fact for trial. 477 U.S. at 250–52, 106 S.Ct. at 2511–12; 477 U.S. at 322, 106 S.Ct. at 2552–53.

The plaintiff did not file a timely opposition to the summary judgment motion. In fact, it became apparent that plaintiff and his original counsel had a falling out after defendant filed its summary judgment motion, because there shortly came to the Court's attention the dismissal of plaintiff's original counsel and the entry of the appearance of new counsel, along with a request for extension of time for new counsel to file his opposition to the summary judgment motions. That request was granted.

■ Plaintiff's new counsel has now filed his opposition to defendant's summary judgment motion. However, he does not address the motion on the merits. His opposition consists, instead, of a plea to the Court to allow the plaintiff's new counsel to reopen discovery. The plaintiff's new counsel seeks to obtain the stent from a hospital in Easton, Maryland, to retain new experts, and to present the item to the new experts who, he expects, might find some defect that eluded the experts consulted by plaintiff's original counsel.

This Court is aware of a general policy in this Circuit disfavoring pre-emption of a party's opportunity for a trial on the merits because the party's counsel has failed to act on a timely basis, notwithstanding that the district court, by rule or order, required such action. *See, e.g., GNB v. Tropex*, 849 F.2d 605 (table) (4th Cir.1988) (*citing Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987); *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir.1982)). The Fourth Circuit suggests that the district courts, in such circumstances, assuage

the public's and the parties' interest in the efficient and orderly administration of the court's docket by imposing a monetary sanction upon the offending attorney, rather than by foreclosing a trial on the merits. *Id.*

The Supreme Court, in *Anderson* and *Celotex*, has strongly affirmed the viability of summary judgment as an effective tool for disposing of meritless claims. The Fourth Circuit has never suggested that a client should not bear the consequences of retaining an attorney unable to prove his claim, whether on summary judgment or at trial. It is obvious that original counsel were discharged because they could not effectively meet defendant's motion. The present case, thus, does not involve simple oversight errors by an attorney, such as untimely filing of a motion, a status report, or another paper; rather, it involves an inability to muster proof in support of a claim. Were this Court to accede to plaintiff's present request, it would effectively relieve plaintiff of his obligation to select an attorney capable of presenting his case to the trial court in accordance with a reasonable schedule and in such a fashion as to ward off summary judgment. If this Court were to approve this plaintiff's request to reopen discovery and, in effect, to have a second attempt, through a new lawyer, to muster evidence in support of a dubious claim,[1] it would undercut the rationale of *Anderson* and *Celotex*, and would set an intolerable precedent. A plaintiff who became dissatisfied with the performance of his attorney in presenting evidence at the summary judgment stage or at trial could seek to reopen discovery or to have another trial, with new counsel, eternally hoping, as did Wilkins Micawber in *David Copperfield*, that "something will turn up."

In the faithful exercise of its duty—to litigants, to counsel, and to the public—to control its docket for the "just, speedy, and inexpensive determination of every action," Rule 1, Fed.R.Civ.P., this Court must deny

---

**1.** The claim is dubious if for no other reason than the absence of defect in the product, in the view of plaintiff's own original experts.

the plaintiff's attempt to have a second chance to avoid summary judgment.

The Court having concluded that there is no merit in plaintiff's motion to reopen discovery, the same is *denied.* As there is no genuine dispute of material fact and as the defendant is clearly entitled to judgment in its favor as a matter of law, Fed.R.Civ.P. 56(c), the court will enter a separate order, granting defendant's motion and entering judgment in its favor, with costs.